**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-77** |
| **SHELBY SENSENIG** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Shelby Sensenig awaits sentencing after defrauding the Social Security Administration ("SSA") for approximately seven years. Specifically, the defendant knowingly received and converted to her own use benefits that were intended for her deceased mother, knowing she was not entitled to the benefits. The defendant's actions resulted in a loss to the government of $101,523.40. The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, and why a sentence within the guideline range is appropriate for the defendant, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

## I. **BACKGROUND**

On April 28, 2026, the defendant pleaded guilty to a one-count information, charging her with theft of government funds, pursuant to 18 U.S.C. § 641. During her plea colloquy, the defendant admitted that her mother, E.S., received SSA RSI benefits during her lifetime and that no other individual was entitled to E.S.' benefits when she died. The defendant admitted that E.S. died on or about November 13, 2018, but that SSA no record of anyone providing timely notification of E.S.' death. The defendant admitted that she knowingly stole and converted to her own use federal benefits that were intended for E.S., totaling $101,523.40, knowing that they were intended for her mother and that the defendant was ineligible to receive the SSA benefits. This Court has scheduled sentencing for September 1, 2026.

## II. SENTENCING CALCULATION

### A. Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is a term of imprisonment of 10 years, a term of supervised release of 3 years, mandatory restitution of $101,523.40, a fine of $250,000, and a special assessment of $100.

### B. Sentencing Guidelines Calculation.

The Probation Office correctly calculated the defendant's advisory guideline range as follows: The base offense level is six. U.S.S.G. § 2B1.1(a)(2). As the defendant knowingly caused over $95,000 but less than $150,000 in loss, eight additional points were added to her guideline score. U.S.S.G. § 2B1.1(b)(1)(E). The defendant clearly demonstrated acceptance of responsibility for her crime, resulting in a two-point reduction. U.S.S.G. § 3E1.1(a). The defendant has no prior convictions and is thus eligible for the two-point reduction for zero-point offenders. U.S.S.G. § 4C1.1 Therefore the defendant has a criminal history score of 0, resulting in a Criminal History Category of I. PSR ¶ 28. The resulting total offense level is 10, with a Criminal History Category of I, for an advisory guidelines range of 6 to 12 months in Zone B. PSR ¶ 58-59.

## III. ANALYSIS

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original).

"Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**1. The Nature and Circumstances of the Offense and the Defendant's History and Characteristics**

The defendant stole a substantial sum of money from the SSA, defrauding the government and taking taxpayer money for nearly seven years. Although the defendant stole over $100,000 of money intended for SSA benefit recipients, it appears she primarily spent the money on utility bills and necessities, rather than on a lavish lifestyle.

Sensenig has lived an otherwise law-abiding life and therefore qualifies for the 2-level reduction for being a zero-point offender. Having received this reduction, the fact that Sensenig has no criminal history does not entitle her to an additional downward variance.

The defendant has a history of various medical conditions, including congestive heart failure, asthma, and a condition where she passes out. She has a service dog who warns her before she loses consciousness. PSR ¶ 45-46.

The defendant's history and circumstances, and in consideration of the nature of the offense and the history and characteristics of the defendant, § 3553(a)(1), counsel in favor of a guideline sentence.

**2. Seriousness of the Crime and Respect for the Law**

The sentence imposed must reflect the seriousness of the defendant's offense. The benefits programs administered by the government suffer substantial fraud every year. Although the defendant's specific crime did not put SSA at risk, the cumulative effect of the defendant's actions coupled with fraud committed by other offenders poses a risk to the program. For approximately seven years, the defendant stole from taxpayers. A guideline sentence will ensure just punishment, proper supervision, and repayment of restitution. It is clear that a guideline sentence is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2).

**3. Deterrence**

The stability and integrity of federal benefits programs depend on the honesty of people like the defendant. Although specific deterrence is of limited concern given the impossibility of the defendant repeating this crime, there is value in the general deterrence of others who might consider similar crimes. The Court should impose a sentence sufficiently severe to deter others who might contemplate such action. § 3553(a)(3).

**4. Educational or Vocational Needs**

As reported in the PSR, the defendant had a "really rough childhood because of [her] father," who physically abused her and her brother. PSR ¶ 37. However, the defendant reported that she always received the necessities from her parents and that her mother was "a loving and caring mom." PSR ¶ 38.

In 1992, the defendant moved to New Holland with her husband. She lived in the house that they purchased until 2025, when the home was sold after her husband's death. PSR ¶ 39. Thereafter, the defendant was homeless until approximately June 2025 when she moved into her current apartment. She resides there with her service dog, whom she has had for two years. *Id*.

The defendant is a high school graduate and reported that she earned a certified nursing aide certificate around 1980. PSR ¶ 50-51. The defendant has been unemployed and collecting Social Security Disability Benefits due to a qualifying condition since approximately 2010. PSR ¶ 52.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner…" § 3553(a)(2)(D).

**5. Consistency**

Adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

**6. Restitution**

The government asks this Court to consider the impact of the defendant's crimes upon the benefits programs administered by Social Security, as well as the taxpayers who fund benefits

programs. The defendant, through her guilty plea, admitted stealing $101,523.40 from the program and agreed to provide full restitution. The government respectfully requests the Court order restitution be paid to:

Social Security Administration
Debt Management Section
P.O. Box 2861
Philadelphia, Pennsylvania 19122

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence. As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 569 U.S. at 544, and that guide is once again persuasive in this case.

## IV. CONCLUSION

For these reasons and subject to any that may be presented at the defendant's sentencing hearing and in the Sealed Supplement, the government believes that a guideline sentence that fully accounts for the scope and severity of the defendant's criminal conduct is appropriate in this case.

Respectfully submitted,

DAVID METCALF
United States Attorney

*<u>/s Laura J. Bradbury</u>*
LAURA J. BRADBURY
Special Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

Kathleen Gaughan, Esquire
Assistant Federal Defender
Defender Association of Philadelphia
The Curtis Center Building
601 Walnut Street – Suite 540 West
Independence Square West
Philadelphia, PA 19106

*/s Laura J. Bradbury*
LAURA J. BRADBURY
Special Assistant United States Attorney

DATED: August 17, 2026.